HAIGHT & FREESE CO. v. WEISS et al.

(Circuit Court of Appeals, First Circuit. November 17, 1908.)

No. 778.

1. APPEAL AND ERROR (§ 150*)—PARTIES—SUBSTANTIAL INTEREST.

In proceedings for winding up the affairs of a corporation under receivership, where the receiver has been made practically a trustee, and has been made a party in reference to an allowance of counsel fees from the fund in the registry of the court, and where it appears that the corporation is so deeply insolvent that it has no possible interest in the ques-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion involved, it will not be heard on an appeal with reference to the subject-matter of the allowance.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 938; Dec. Dig. § 150.*]

2. EQUITY (§ 400*)—REFERENCE—DISCRETION OF COURT.

A court is not bound to refer to a special master the question of the allowance of counsel fees from a fund in court.

[Ed. Note.—For other cases, see Equity, Cent. Dig. § 866; Dec. Dig. § 400.*]

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Franklin Bien, for appellant.
William D. Turner, for appellee receiver.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is an appeal against certain allowances from the fund made to counsel in the same case to which our opinion in Weiss v. Haight & Freese Company (No. 785, passed down this day) 165 Fed. 432, relates. The appellant was the Haight & Freese Company, but there were brought into the appeal as respondents certain of the creditors who intervened, and also the receiver. By force of the facts which appear in our opinion in Haight & Freese Company v. Weiss (No. 695, passed down October 1, 1907) 156 Fed. 328, 84 C. C. A. 224, the appellee, styled the "receiver," was in fact a trustee, as he had been by a final decree directed to take possession of all the assets of the corporation, the Haight & Freese Company, and to sell and dispose of them, and distribute the proceeds among the creditors. All this he has accomplished to a very considerable extent.

The result has been to make it evident that the corporation is absolutely insolvent, and this to such an extent that it has no possible interest in the questions now before us. No parties having any real interest in the assets object to the allowances; and, so far as we can understand the objections made by the appellant corporation now insisted on, they result in the single proposition that the court should have referred the matter to a special master, which it did not do. We are not aware of any rule or practice which prohibits the court from determining itself a question of this nature, or any other question of a like character, without the delay and expense of a reference. A reference is merely for the convenience of the court to enable it to facilitate its business, and not an incumbrance which it must bear the burden of when it appears to be unnecessary. The observations in Railway v. Tompkins, 176 U. S. 169, 179, 20 Sup. Ct. 336, 44 L. Ed. 417, cited by us in Haight & Freese Co. v. Weiss, 156 Fed. 328, 332, 84 C. C. A. 224, apply only to an appellate tribunal, and are not inconsistent herewith. Therefore, inasmuch as the appellant has no substantial interest, and inasmuch, also, as the alleged error on which

it relies is not in fact error, we cannot interfere with the conclusions brought to us by this appeal.

The decree of the Circuit Court is affirmed, and the receiver recovers his costs of appeal.