WEISS et al. v. HAIGHT & FREESE CO. et al.

(Circuit Court of Appeals, First Circuit. November 17, 1908.)

No. 785.

APPEAL AND ERROR (§ 984*)—REVIEW—ALLOWANCE OF COUNSEL FEES.

The rule applied that an allowance of counsel fees by a court of equity from a fund in court is largely discretionary, and will not ordinarily be disturbed by an appellate court, where the judge who made the same presided throughout all of the proceedings, and therefore had personal knowledge of the services rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3886; Dec. Dig. § 984.*]

Appeal from the Circuit Court of the United States for the District of Massachusetts.

William P. Maloney, for appellants.

Franklin Bien, for appellee Haight & Freese Co.

William D. Turner (Stephen S. Fitzgerald, on the brief), for appellee receiver.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge,

PUTNAM, Circuit Judge. This appeal arose out of the proceedings which are explained in our opinion in Haight & Freese Company v. Weiss (No. 695, passed down October 1, 1907) 156 Fed. 328, 84 C. C. A. 224, and in Haight & Freese Company v. Weiss (No. 778) 165 Fed. 430, in which our opinion is passed down simultaneously with this. It was taken by Mr. William P. Maloney, who was the solicitor and counsel who initiated the bill in equity out of which all the proceedings referred to resulted, and it relates to an allowance from the fund made by the Circuit Court in his behalf for his professional services in reference thereto. That such allowances may ordinarily be made was affirmed in Central Railroad v. Pettus, 113 U. S. 116, 122, 5 Sup. Ct. 387, 28 L. Ed. 915 et seq.

The appellant made the corporation and the receiver and certain of its creditors appellees. The receiver objects to an increase of the allowance.

In Trustees v. Greenough, 105 U. S. 525, at pages 536 and 537, 26 L. Ed. 1157, the opinion discussed the general topic of this class of allowances, and declined to interfere with those made by the Circuit Court, because it did not find in them anything "seriously objectionable." It added that the court of the first instance should have considerable latitude of discretion on the subject, since "it has far better means of knowing what is just and reasonable than an appellate court

can have." On the same general topic, though not under the same circumstances, Stuart v. Boulware, 133 U. S. 78, 81, 82, 10 Sup. Ct. 242, 244, 33 L. Ed. 568, observed:

"Like all questions of costs in courts of equity, allowances of this kind are largely discretionary, and the action of the court below is treated as presumptively correct."

It then repeated the language of Trustees v. Greenough as to the means of knowledge of the court of primary jurisdiction. In Central Railroad Company v. Pettus, 113 U. S. at page 128, 5 Sup. Ct. at page 393, 28 L. Ed. 915, the Supreme Court reduced the allowance made by the Circuit Court; but it appeared that the parties who initiated the proceedings had a specific contract with the counsel for a specific sum less than that allowed, and the court held that all other parties in interest were entitled to the benefit of the contract, and reduced the allowance accordingly.

In the case at bar the record shows that the learned judge who made the allowance in behalf of the appellant initiated the proceedings to which it related and had sole control of them throughout. Therefore, in determining the amount which the appellant should receive, it must be assumed, in the language of the Supreme Court, that he acted somewhat on his personal knowledge of the value of the services to which the case relates; and it is impossible for us to put ourselves in the advantageous position which he had with reference to the determination which he was required to make. Clearly, also, the record is not of such a character as to enable us to find in it anything which would make good what the learned judge possessed in this respect which we 'do not possess. Indeed, as is the fact, it must also be understood that it is impossible on this record, which is comparatively brief, and which presents only a small portion of the proceedings below, for us to estimate correctly the value of the appellant's services; while, also, the record contains no positive features suggesting error in the determination of the amount of the allowance. In other words, the condition of the case before us is such that we could not properly determine what amount we should award if we had primary jurisdiction in reference thereto; and it fails to suggest anything which indicates that the discretion which the learned judge of the Circuit Court was led to exercise was in any respect abused. The only clear element which we have before us is that the services of the appellant were exceedingly 'efficient and productive of favorable results; but even these are comparative expressions, and in no way indicate specifically whether the amount allowed was excessive on the one hand or insufficient on the other.

Notwithstanding what we have observed, the appellant maintains that there are certain errors of law in the method in which the learned judge of the Circuit Court approached the question, which ought to be revised by us. With reference to this claim we have nothing to go to except the opinion filed below. If in the absence of formal findings of fact we may go to this, which is doubtful, we discover nothing therein of the character claimed by the appellant. The only matter upon which we may comment is that the learned judge quotes a para-

165 F.—28

graph from the judge of the Circuit Court in the Second Circuit, having concurrent jurisdiction over certain questions involved in this litigation, in which he apparently states that any allowance must necessarily cease with reference to services after the receiver was appointed. The learned judge against whose allowance this appeal is taken does not indicate that he accepted that view. If he had accepted it, it might be erroneous, according to the suggestions made by the Circuit Court of Appeals for the Fifth Circuit in Burden Co. v. Ferris Co., 87 Fed. 810, 31 C. C. A. 233.

On the whole, we are unable to revise the determination of the Circuit Court.

The decree of the Circuit Court is affirmed, and the receiver recovers his costs of appeal.