In re CASH–PAPWORTH, GROW-SIR.

In re FRANKLIN SUGAR REFINING CO.

(Circuit Court of Appeals. Second Circuit. December 9, 1913.)

No. 15.

1. BANKRUPTCY (§ 114*)—RECEIVERS—EMPLOYMENT OF COUNSEL—FEES—DISCRETION.

Whether a receiver shall be appointed in bankruptcy proceedings, whether, if appointed, he shall continue the bankrupt's business, and whether he may retain counsel, and the amount that shall be allowed as compensation to the receiver and his counsel, are matters in the sound discretion of the district judge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164–166; Dec. Dig. § 114.*]

2. BANKRUPTCY (§ 446*)—REVISION—RECORD—CONTENTS—MATTERS OF DISCRETION.

On a petition to revise an order of the District Court, sitting in bankruptcy, making certain allowances of fees and compensation to the receiver and to his counsel, as a matter of discretion, the record must contain such a statement of facts as will show the amount and character of the services rendered by the receiver and his counsel, and the circumstances under which they were rendered, so as to show that the discretion of the district judge has been abused; it being insufficient to show merely the amount of receipts and disbursements, and that the aggregate allowed the receiver and his counsel was large in proportion to the fund on hand, and that nearly half the assets had been used for expenses of administration.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 446.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. C. A. 9.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BANKRUPTCY (§ 484*)—RECEIVERS—ALLOWANCES FOR FEES OF RECEIVER AND COUNSEL—NOTICE.

Where notice of hearing of an application for an allowance of additional compensation to a bankrupt's receiver and his counsel specified exactly the amount asked in dollars and cents, as required by Bankr. Act July 1, 1898, c. 541, § 48e, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3439), as amended by Act June 25, 1910, c. 412, § 9, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1502), it was not defective for failing to request an additional allowance.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896; Dec. Dig. § 484.*]

Petition to Revise Order of the District Court of the United States for the Northern District of New York.

This is a petition to revise an order of the District Court, Northern District of New York, making certain allowances of fees and compensation to the receiver herein and to the counsel for said receiver. No opinion was filed in the District Court.

J. P. Hennessey and Tracy, Chapman & Tracy, all of Syracuse, N. Y., for petitioners.

Costello, Burden, Cooney & Walters, of Syracuse, N. Y., for respondent.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. In this proceeding the receiver was ordered to continue the business for a certain period of time. No attempt to review that order was ever made; it was a matter within the sound discretion of the court, and there is nothing in this record to show that such a direction was not a proper exercise of discretion.

The Bankruptcy Act, § 48, subds. "d" and "e" (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439]), as amended by Act June 25, 1910, c. 412, § 9, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1502), provides different rates of compensation for a receiver when he acts as a mere custodian and when he carries on the business. The rates are fixed as percentages on the amounts of money disbursed or turned over by the receiver, and the amounts allowed as compensation must not exceed the limits fixed by the section. In this case the allowance to receiver was on the basis that he carried on the business for a time. The petition for revision sets forth as one assignment of error that the sum allowed was not provided for by the provisions of the Bankruptcy Act. This would seem to imply that the amount awarded exceeded the limitations of the section. No such point has been argued, and it is to be inferred from the language of the brief that petitioner's complaint is, not that the limit was exceeded, but that the court ought not to have made allowance of the full amount which the section authorizes in cases where the receiver has conducted the business. The main question argued here is therefore one of fact, viz., that the amount of allowances to receiver and counsel were excessive in view of all the circumstances.

[1] Whether a receiver shall be appointed, whether, if appointed, he shall continue the business, whether he may retain counsel, are all mat-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

'ters within the discretion of the court. So, too, the fixation of allowances of fees and compensation to be made to receiver and counsel rests in the sound discretion of the district judge. What is really contended for here is that, in this case, the judge has abused that discretion.

[2] To support any such contention the record should contain such a statement of facts as would show the amount and character of the services rendered by receiver and counsel and the circumstances under which those services were rendered. Presumably the district judge, in whose court the proceedings had progressed, who appointed the receiver, directed his conduct, heard the various suggestions made from time to time by creditors and others, and was constantly advised as to the progress of events, has a fund of information which is most valuable when one has to form an opinion as to the extent and value of services rendered in connection with the case. The record here presented is absolutely barren of anything of the sort. All that appears is the amount of receipts and disbursements, which shows that the aggregate allowed to receiver and his counsel is large in proportion to the fund in hand; the argument being that because about one-half of the assets has been used for expenses of administration the amount of such allowances should be reduced to some sum, which the record supplies no means of determining. The discretion of the district judge does not come here for review, except where such discretion has been plainly abused and the record sufficiently indicates upon what state of facts it was that the discretion was exercised.

[3] A question of law is also raised by the petition to revise, it being contended that the notice of hearing for fixing the allowances "did not request an additional allowance as provided in section 48e of the act." That section provides that the notice shall specify the amount asked. The notice in this case did, as to each allowance, specify exactly the amount asked, giving it in dollars and cents. It seems to be in exact conformity to the section.

The order is affirmed.