## In re MILLS TEA & BUTTER CO.

### (District Court, D. Massachusetts. July 6, 1916.)

### No. 23020.

1. BANKRUPTCY ⬤═484—RECEIVERS—COMPENSATION.

The compensation of receivers specified in Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544, is not intended as a fixed invariable amount to be awarded, but as the maximum to be allowed only in cases justifying it.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896; Dec. Dig. ⬤═484.]

2. BANKRUPTCY ⬤═484—RECEIVERS—COMPENSATION—OBJECTIONS.

Where there are objections to the referee's allowance of compensation to the receiver, the question before the court is not what the court would have allowed in the first instance, but what is the utmost compensation which the referee might properly have granted.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896; Dec. Dig. ⬤═484.]

3. BANKRUPTCY ⬤═484—RECEIVERS—COMPENSATION.

In view of Bankruptcy Act, § 48b (Comp. St. 1913, § 9632), relating to division of compensation of trustees, where there are several, the same rule applies as to receivers and though there is more than one receiver, the compensation cannot be increased, but the fees must be divided.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896; Dec. Dig. ⬤═484.]

4. BANKRUPTCY ⬤═484—RECEIVERS—COMPENSATION.

Receivers of a bankrupt company whose property was appraised at about $40,000 were in office for 27 days, during which time they carried on the business by means of a manager, whom they hired and left in actual control. They signed some checks, and about $66,000 passed through their hands, but they were not required to devote much time to the business, although they settled the general policy to be followed. *Held*, that an award of the maximum compensation of $1,607 was in excess of the value of the services performed by the receivers; hence an

allowance of one-half the maximum sum to one of the receivers was excessive, and should be reduced to $600 and actual expenses.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896; Dec. Dig. ☞484.]

In Bankruptcy. In the matter of the bankruptcy of the Mills Tea & Butter Company. Objections by the trustee to the allowance by the referee of compensation to the receiver. Receiver's allowance reduced.

See, also, 235 Fed. 812, 815.

Edmund A. Whitman, of Boston, Mass., for creditors.
Clarence A. Barnes, of Boston, Mass., receiver, pro se.

MORTON, District Judge. As to the receivers' compensation: One of the receivers, for reasons not binding on his coreceiver, asked for and was allowed much less than the maximum fee. No question arises as to his compensation. The other receiver asked for and was allowed by the referee the maximum statutory compensation, $803.90. The trustee objects thereto, contending that the case was not one warranting such an amount. There was a hearing before the referee, and the evidence is reported.

[1] The receivers were in office 27 days, during which time they carried on the business. They hired a manager and left the actual control of the business almost entirely to him. They settled the general policy to be followed, kept a general oversight of things, carried the responsibility, signed about 160 checks, and attended to such incidental matters as would naturally arise. They were not required to be much away from their own offices on the business of the receivership, and it took no large proportion of their time. It does not appear that the services of the receiver whose compensation is objected to were specially valuable; he seems to have taken no leading part, perhaps no part, in the constructive work of reorganizing the company. The property was appraised for about $40,000; and there passed through the receivers' hands while they were carrying on the business about $66,000.

The compensation specified in the statute is clearly intended not as a fixed, invariable amount to be awarded in all cases, but as a maximum to be allowed only in cases justifying it. As a practical matter, in the great majority of cases the maximum compensation is so small that it is not even fair compensation for the work done; but in each case the question, nevertheless, is how much the services of the receivers were fairly worth.

[2, 3] Considerable latitude is allowed to the judicial officer under whose immediate direction and control the work was done. The question before me is not what I think I myself would have allowed, but what is the utmost which the referee could properly have allowed in the facts shown. See Trustees, etc., v. Greenough, 105 U. S. 527, 537, 26 L. Ed. 1157; Weiss v. Haight & Freese Co., 165 Fed. 432, 91 C. C. A. 382 (C. C. A. 1st Cir.); In re Cash-Papworth, 210 Fed.

24, 126 C. C. A. 604. By the settled practice in this district, the total compensation to receivers is not to be increased by the fact that there is more than one receiver. See section 48b, relating to trustees.

[4] In this case it seems to me that the learned referee, in fixing the compensation which is objected to, gave too much weight to the amount of property involved and too little weight to the amount and value of the services rendered. The record before me clearly shows, in my opinion, that` $1,607.80 was more than the services of the receivers were fairly worth, and that in allowing one-half that sum to the receiver, who insisted on it, the learned referee was in error. The allowance objected to is reduced to $600 and actual expenses.