## In re MORRIS BROS.

(District Court, D. Oregon. November 9, 1925.)

No. 5653.

**1. Bankruptcy ⬅═368—Court need not allow trustee, conducting bankrupt's business, full commissions on total amount of money disbursed.**

Under Bankruptcy Act, § 48e (Comp. St. § 9632), amount of additional compensation to trustee, conducting bankrupt's business under section 2, cl. 5 (Comp. St. § 9586), by way of commissions on money disbursed, is within sound discretion of court, which need not allow full commissions on total disbursed, but should inquire into facts, and make fair and just allowance within statutory limitation.

**2. Bankruptcy ⬅═223, 368—Referee and trustee not entitled to commissions on par value of bonds delivered to claimants.**

Under Bankruptcy Act, §§ 40, 48a, 72 (Comp. St. §§ 9624, 9632, 9656), referee and trustee are entitled to commissions only on money disbursed or turned over to creditors and others, and not on par value of bonds or other property turned over.

**3. Bankruptcy ⬅═223, 368—Possible hardship no reason for nonobservance of law as written.**

That denial of commissions to referee and trustee in bankruptcy on par value of bonds delivered to claimants will work hardship in some cases, and perhaps in instant case, is no reason why law as written (Bankruptcy Act, §§ 40, 48a, 72 [Comp. St. §§ 9624, 9632, 9656]) should not be observed.

In Bankruptcy. In the matter of Morris Bros., bankrupt. On referee's request for instructions as to amount of commissions to be allowed him and trustee. Instructions given.

See, also, 282 F. 670.

Winter & Maguire, of Portland, Or., for trustee.

BEAN, District Judge. Prior to the adjudication, the bankrupt was engaged as a broker, buying and selling bonds. At the time of the adjudication it had outstanding a contract with the city of ·Edminston to purchase from it bonds of the par value of $1,500,000. The bonds were in the possession of a local bank, with instructions to deliver to the purchaser upon payment therefor.

At the appointment of the trustee litigation was pending between the city and the receiver of the bankrupt concerning this contract. As a compromise of such litigation the trustee was, by order of the referee, authorized for 30 days to purchase bonds at the contract price and resell the same for the benefit of the estate. In the course of this transaction he received and paid out $334,-000, in addition to all other moneys handled by him as trustee, and made a profit for the estate of about $10,000. He was awarded the statutory commission on the amount of the profits, but he has filed a claim with the referee for commissions on the entire amount disbursed by him, at the statutory rate, and the referee, being in doubt, has requested instructions.

The opinions of the text-writers on this subject are in conflict. Mr. Collier, in the twelfth edition of his work on Bankruptcy, at page 1184, says that a trustee who is authorized to conduct the business of a bankrupt is entitled to receive commission on all moneys disbursed by him in the conduct of a going concern, which includes moneys paid out for salaries and materials necessary to the conduct of the business; while Mr. Remington says, at section 2756, that the commissions are to be computed, not upon the volume of the business, but only upon what is left, after deduction of purchases, etc., made in conducting the business. Mr. Collier cites as his only authority In re Hart, a decision of the court of Hawaii (17 Am. Bankr. Rep. 480), which seems to support the text, and Mr. Remington, In re New York Commercial Co., 231 F. 445, 145 C. C. A. 439, in which the trustee paid out no money in carrying on the business either for labor or material, and did not disburse any money for any purpose except the profits of the transaction. No other decisions have been cited or found bearing upon the question.

[1] Bankruptcy Act, § 48e (Comp. St. § 9632), provides that, when the business of a bankrupt is conducted by a trustee, as provided in clause 5 of section 2 of the act (Comp. St. § 9586), the court may allow such officer additional compensation for such services, by way of commissions, "upon the moneys disbursed or turned over to any person, including lienholders," not to exceed a certain specified rate. It seems plain from this language that the court may and is authorized to allow additional compensation to a trustee who conducts the business of a bankrupt by its authority, by way of commissions on the money disbursed by him, not exceeding the rate provided by statute. But the amount of such compensation, within the specified rate, is within the sound discretion of the court. Cash-Papworth, Grow-Sir, 210 F. 24, 126 C. C. A. 604.

The court is not compelled, as intimated in the Hawaiian case, to allow full commis-

sions on the sum total of the money disbursed in conducting the business, for in many cases it would be merely the aggregate amount of a revolving fund used therein. The court or referee should, in such case, inquire into the facts, and make such allowance as will be fair and just under the circumstances, and within the limits of the statute.

[2] At the time of the adjudication, the bankrupt had assets of a book value of about $1,900,000, and liabilities aggregating about $2,600,000. The liabilities consisted mainly of interim certificates, by the terms of which the bankrupt had agreed to deliver to the holders of such certificates certain kinds of bonds, as and when such bonds were issued and delivered to it; otherwise, to redeem such certificates for a certain amount of cash. A large number of holders of interim certificates filed reclamation petitions to secure the delivery of specific bonds. Litigation resulted, involving bonds of the par value of $160,000, and culminated in orders of the court and referee for the delivery to the claimants of bonds of the par value of approximately $70,000.

The referee has requested an opinion as to whether the trustee and referee, or either of them, are entitled to commissions on the par value of the bonds so delivered. Bankruptcy Act, § 40 (Comp. St. § 9624), provides that the referee shall be allowed, among other things, "one per centum commissions on *all moneys* disbursed to creditors by the trustee," and section 48a (Comp. St. § 9632), that the "trustees shall receive for their services, payable after they are rendered, a fee of five dollars deposited with the clerk at the time the petition is filed," and such commissions "on *all moneys* disbursed or turned over to any person, including lienholders," as may be allowed by the court, not exceeding a certain per centum. But neither the referee nor the trustee shall in any form or guise receive, nor shall the court allow, any further compensation than expressly authorized. Section 72 (Comp. St. § 9656).

[3] Unless, therefore, the law authorizes the payment of commission on property turned over by the referee to the claimants, such compensation cannot be allowed, however meritorious. It seems to me that the statute is plain and unambiguous. The commissions of the referee are to be computed on *"moneys* disbursed to creditors,"* and that of the trustee *"on moneys* disbursed or turned over to any persons including the lienholders."* In each case, it is the moneys disbursed or turned over, and not property, that forms the basis for such allowance. It may be that

this will work a hardship in some cases, and perhaps in the instant case; but that affords no reason why the law as written should not be observed.

I am aware that Judge Hand held (In re Toole [D. C.] 294 F. 975) that the words "or turned over" are sufficient to include property at value received, as well as money disbursed; but in my opinion, when the statute says money disbursed or turned over, it means money, and not property. See American Surety Co. v. Freed, 224 F. 333, 140 C. C. A. 19.