### In re LUNA AMUSEMENT CO.
### No. 24542.

District Court, E. D. New York.
March 6, 1934.

Kaufman, Weitzner & Celler, of New York City; for alleged bankrupt.

Stephen Callaghan and Herman S. Bachrach, both of Brooklyn, N. Y., receivers, in person.

Appleton, Rice & Perrin, of New York City, for objecting creditor.

MOSCOWITZ, District Judge.

This is a motion to confirm the composition and fix the compensation to be paid to each receiver, there being two in number. Specifications have been filed by the Manhattan Company objecting to the composition.

The specifications are insufficient and overruled. Motion to confirm the composition is granted.

Each receiver has requested an allowance of $2,231.34. No objection has been made to this allowance. In fact, counsel for the alleged bankrupt has filed a consent dated February 27, 1934, as follows:

"In behalf of Luna Amusement Company, alleged bankrupt, we stipulate that we have

no objection to the entry of an order of this court which shall provide that the commissions of the Receivers, as fixed by the Referee, Edward B. McDonald, in his report on composition in the above matter, be increased, as follows:

"1. An additional allowance of $200. based on the sum of $20,000. which amount constitutes the Receivers' obligations which are to be paid to creditors and to be disbursed in connection with effecting the composition, making the total commissions payable to the Receivers the sum of $2,231.34.

"2. Each Receiver shall be entitled to said commissions, amounting to $2,231.34, instead of the sum of $2,031.34, allowed to both Receivers, as provided in the report of Referee McDonald."

If there were but one receiver, his total compensation under title 11 USCA § 76 would be $2,231.34.

The only decision called to the court's attention is the unreported decision of Judge Hough, in Re Cottier, vol. 1, District Court Decisions, Southern District of New York, 1915. I know of no decision in this district permitting full compensation to each of two receivers appointed in bankruptcy. It is the practice in this district not to allow full compensation to each of the receivers. No reason is shown why this practice should not be followed.

If it were the intention of Congress to allow full compensation to each of the receivers, it could have expressed that intention in no uncertain language.

The only case that I have been able to find bearing upon this subject is In re Mills Tea & Butter Co. (D. C.) 235 F. 813, in which the court said, at page 815: "By the settled practice in this district, the total compensation to receivers is not to be increased by the fact that there is more than one receiver. See section 48b [11 USCA § 76 (b)], relating to trustees."

In this case the sum of $2,231.34 paid to each of the receivers would be small compensation for the work which they have done.

The receivers will be allowed $2,231.34 to be divided equally between them. This allowance is not in the exercise of discretion. It is solely upon the ground that they cannot be paid more under title 11 USCA § 76.

It might be desirable to have the Circuit Court of Appeals pass upon this question, as I regard it of some importance.

Settle order on notice.