UNITED STATES, to Use of WOOD, v. UNITED SURETY CO. et al.

(District Court, N. D. California, Second Division. June 8, 1914.)

No. 15,376.

1. REFERENCE ⬤➝100—REPORT AND FINDINGS — OPERATION AND EFFECT— AGREEMENT OF PARTIES.

Where the stipulation of the parties, upon which a reference was ordered, authorized the commissioner or referee not only to take evidence, but to report his findings of fact and conclusions of law thereon, with no provision either in the stipulation or the court's order for a review by the court of such referee's rulings on evidence or matters of procedure, such reference was more than the ordinary reference to a master in a suit in equity, and constituted the referee a judge pro hac vice, with power, except for entry of judgment, as ample for the conduct of the trial as if the case were being tried by the court, and his report or determination was not subject to be set aside, except for want of evidence to sustain his findings, or manifest error in his conclusions of law.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 157–168; Dec. Dig. ⬤➝100.]

2. MECHANICS' LIENS ⨀268—SUIT TO FORECLOSE—NOTICE OF PENDENCY—JURISDICTIONAL CHARACTER.

The absence, in an action to enforce a mechanic's lien, of formal publication of notice of the pendency of the action to other claimants, is not jurisdictional, and the statute is satisfied where there is no showing that any claimant has failed to receive notice in time to intervene.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 493; Dec. Dig. ⨀268.]

3. MECHANICS' LIENS ⨀5—STATUTE—CONSTRUCTION.

A mechanic's lien statute should receive a liberal, rather than a narrow and technical, construction, in view of the class of persons for whose benefit and protection it was passed.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 3, 5; Dec. Dig. ⨀5.]

In Equity. Action by the United States, for the use of F. C. Wood, against the United Surety Company and others. On exceptions to the referee's findings and report. Exceptions overruled.

See, also, 192 Fed. 992.

Frank H. Gould, of San Francisco, Cal., and Frank Freeman, of Willows, Cal., for plaintiff.

Brittain & Kuhl, of San Francisco, Cal., for defendants.

VAN FLEET, District Judge. [1] The proceedings at the trial before the commissioner or referee in this case are not open to review by this court to the extent sought by the exceptions filed to his findings and report. The stipulation of the parties, in conformity with which the order of reference was made, authorized that officer, not only to take the evidence, but to report his "findings of fact and conclusions of law" thereon, with no provision either in the stipulation or the order for a review by the court of his rulings on evidence or on matters of procedure. Such a reference is something more than the ordinary reference to a master in a suit in equity. It constitutes the referee a judge pro hac vice, with power as ample for the conduct of the trial and rulings on all questions arising therein, excepting only for entry of judgment, as if the cause were being tried by the court itself; and the report or determination of such an officer is not subject to be set aside by the court, except for a want of evidence to sustain his findings or manifest error in his conclusions of law. As said in Kimberly v. Arms, 129 U. S. 512, 524, 9 Sup. Ct. 355, 359 (32 L. Ed. 764):

"A reference, by consent of parties, of an entire case for the determination of all its issues, though not strictly a submission of the controversy to arbitration—a proceeding which is governed by special rules—is a submission of the controversy to a tribunal of the parties' own selection, to be governed in its conduct by the ordinary rules applicable to the administration of justice in tribunals established by law. Its findings, like those of an independent tribunal, are to be taken as presumptively correct, subject, indeed, to be reviewed under the reservation contained in the consent and order of the court, when there has been manifest error in the consideration given to the evidence, or in the application of the law, but not otherwise."

See, also, Davis v. Schwartz, 155 U. S. 631, 636, 15 Sup. Ct. 237, 39 L. Ed. 289; Westall v. Avery, 171 Fed. 628, 96 C. C. A. 428; United States v. Ramsey (C. C.) 158 Fed. 488.

[2, 3] Within these principles, the exceptions here interposed, so far as they may be considered, must be overruled. It cannot be justly said, I think, that as to any one of the various findings covering the claims of the different laborers and materialmen there was such a lack of evidence substantially tending to sustain it as to leave it without support. Nor do I regard the conclusions of law of the commissioner recommending a judgment for plaintiff as based upon an erroneous construction of the statute involved. The absence of a formal publication of notice of the pendency of the action is not jurisdictional (United States, etc., v. United Surety Co. [D. C.] 192 Fed. 992); and where, as here, there is no showing that any claimant has failed to receive notice in time to intervene, I think the statute is satisfied. Having in view the class of persons for whose benefit and protection it was passed, the statute should receive a liberal rather than a narrow and technical construction. On this question I fully concur in the views expressed by the Circuit Court of Appeals for the Third Circuit in the very recent case of Vermont Marble Co. v. National Surety Co. et al., 213 Fed. 429, 130 C. C. A. 65 (March term, 1914). In that case, considering the same provision for notice and its relation to other and apparently inconsistent provisions of the act, it is said:

"The general purpose of the act, thus clearly recognized, is not to be obstructed or deprived of its efficiency by a subsidiary provision in the same act, which, though presumably intended to increase, and not diminish, the protection given to the class of persons described, nevertheless, if construed as mandatory and jurisdictional, and not merely directory, seriously impairs the right conferred upon that class, and deprives persons furnishing materials and labor for the construction of public works of the full measure of protection previously accorded them in the body of the act."

And it was held that the absence of a formal publication within the time specified, when actual notice was had, did not defeat the action.

In accordance with these views, the exceptions to the report of the referee will be overruled, and a judgment entered on the findings as therein recommended.