LOTT et al. v. SALSBURY.

In re HYMAN.

(Circuit Court of Appeals, Fourth Circuit. October 5, 1916.)

No. 1444.

1. BANKRUPTCY ⊛═446—REVIEW—PETITION TO SUPERINTEND AND REVISE.
    In a proceeding to superintend and revise in matter of law, the court cannot deal with controverted questions of fact.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ⊛═446.]

2. BANKRUPTCY ⊛═348—LIENS—LANDLORD'S LIENS.
    Bankr. Act July 1, 1898, c. 541, § 64b, 30 Stat. 563 (Comp. St. 1913, § 9648), specifying the debts which shall have priority, and fixing the order of payment, provides that, after payment of the actual and necessary cost of preserving the estate, etc., wages due workmen, clerks, or servants, etc., earned within three months before the commencement of the proceeding, not to exceed $300 to each claimant, shall have priority. The section also gives priority to debts owing to any person who by the laws of the state is entitled to priority. Code Va. 1904, §§ 2791, 2792, give a landlord a specific lien for rent upon any goods of the lessor upon the leased premises. Held that, as it was not the intention of the Bankruptcy Act to interfere with valid liens which might be conferred by the sovereignty, the lien of a landlord is superior to the claim of clerks and servants for wages due for services rendered within three months of bankruptcy.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 536; Dec. Dig. ⊛═348.]

On Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Eastern District of Virginia, at Norfolk, in Bankruptcy; Edmund Waddill, Jr., Judge.

In the matter of A. L. Hyman, bankrupt. The lien of M. Salsbury, as landlord, was by order of the District Court (226 Fed. 982) given priority over the claims of Bernice Lott and others, as clerks of the bankrupt, and such claimants petition to superintend and revise the order in matter of law. Affirmed.

Leo Judson, of Norfolk, Va., for petitioners.
James G. Martin, of Norfolk, Va., for respondent.

Before PRITCHARD and WOODS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge. This case comes here on a petition to superintend and revise in matter of law an order of the District Court of the United States for the Eastern District of Virginia. The order complained of is dated December 18, 1915, in the matter of A. L. Hyman, bankrupt, and decides that the landlord of the bankrupt had a lien for his rent upon goods on his premises and that out of the proceeds of such goods the landlord is entitled to payment before clerks' wages for the three months immediately preceding bankruptcy.

[1, 2] The petition raised several questions of fact. This court, in

a proceeding to superintend and revise in matter of law, cannot deal·
with controverted questions of fact. The order complained of was
based upon an admitted state of facts, and in justice to the District
Court we can only review what was before and passed upon by that
court. The referee in bankruptcy in his report says:

"It was admitted by all parties that the said claims were for wages earned
as clerks by the said parties within three months·before the date of the com-
mencement of these proceedings; and it was also admitted that the claim of
the landlord for rent was for rent of the premises upon which the articles sold·
by the trustee ˙and from the sale of which the fund arising for distribution
arose were stored."

This admitted state of facts presented a clear-cut proposition of law
for the District Court and that proposition the court passed upon. Is
the claim of the landlord for the rent of the premises in which the
bankrupt was conducting his business superior to and entitled to prior-
ity over the claims of clerks for salary for the three months· immedi-
ately preceding bankruptcy? The statutes of Virginia (Code, §§ 2791
and 2792) give the landlord a specific lien upon any goods upon the
leased premises for rent. Even against lien creditors the landlord has
his lien for rent for not exceeding one year. Chief Justice Chase, in
construing the statutes of ˙Virginia, just referred to, said:

"We cannot doubt that this statute creates a lien in favor of the landlord
and a lien of high and peculiar character. We have no concern with the
policy of this legislation. It is upon the statute books and the lien so created
must be respected and enforced. Would it not be trifling with the plain
sense of words to say thåt there is a lien under the trust deed and a lien
under the execution, but the claim which by law is made superior to either is
no lien?"

The bankruptcy law does not undertake to displace or invalidate
bona fide liens upon the property of the bankrupt. It declares null and
void liens that were given or accepted in, fraud of the bankruptcy law,
but all liens given or accepted in good faith and not in contemplation
of bankruptcy nor in fraud of the bankruptcy act are entitled to recog-
nition and, payment in accordance with the law creating them. Section
64b of the Bankrupt Act (Act July 1, 1898, c. 541, 30 Stat. 563 [Comp.
St. 1913, § 9648]) which provides for the order of distribution of bank-
rupt's funds has no reference whatever to lien debts. It has refer-
ence to the distribution of the funds not subject to lien among non-
lien creditors. If, for instance, there is a tract of land with mortgage
or deed of trust on it, and such land is sold for an ·amount in excess
of the lien debt, the lien debt is paid out of the proceeds, and the bal-
ance is in the hands of the trustee for distribution among nonlien
creditors under section 64b.

The case most strongly relied upon is Guarantee Title & Trust Co.
v. Title Guaranty & Trust Co., 224 U. S. 152, 32 Sup. Ct. 457, 56 L.
Ed. 706. That case holds that the United States except for taxes due
had not in the enactment of the bankruptcy law exercised its sovereign
right of providing a preference for its own claims against the bank-
rupt. It is conceded that the government has such a right and fre-
quently exercises it. In the case just referred to the court held that the
government had, except as to taxes, put itsęlf in the plight of an ordi-

nary unsecured creditor and under section 64b was postponed till certain claims, wages among others, were paid.

The order of the District Court complained of is approved and affirmed.

Affirmed.