WM. R. MOORE DRY GOODS CO., Inc., v. BROOKS et al. *

(Circuit Court of Appeals, Eighth Circuit. February 28, 1917.)

No. 178.

1. BANKRUPTCY ⬉446—REVIEW—DECISION OF COURT BELOW.

A creditor excepted to the report of the trustee setting aside to a bankrupt real estate as a homestead exemption, on the ground that two or three days before filing his voluntary petition the bankrupt purchased the real estate with the proceeds of nonexempt personal property which had been obtained by the bankrupt from the creditor and others under false pretenses. The referee heard the evidence and overruled the exception, and, his order being affirmed by the District Court, the creditor petitioned to revise. *Held* that, as the reviewing court considers what the District Court did, and not its reasons therefor, and as the evidence as to whether the nonexempt property had been obtained under false pretenses was in conflict, the question cannot be reviewed because on petition to revise, the reviewing court cannot consider the evidence.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929.]

2. BANKRUPTCY ⚖⇒446—PETITION TO REVISE—QUESTIONS OF FACT.
     On petition to revise, the reviewing court cannot consider the evidence.
     [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929.]

Petition to Revise Order of the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

In the matter of the bankruptcy of Eli Brooks. Petition by the Wm. R. Moore Dry Goods Company, Incorporated, to revise an order of the District Court, affirming an order of the referee overruling exceptions to the setting apart to the bankrupt by J. M. Jarman, trustee, of real estate as a homestead. Petition denied.

Fred C. Mullinix, of Jonesboro, Ark., for petitioners.

W. L. Pope and T. W. Campbell, both of Pocahontas, Ark., for respondents.

Before CARLAND, Circuit Judge, and RINER and MUNGER, District Judges.

CARLAND, Circuit Judge. This is a petition filed by the William R. Moore Dry Goods Company to revise an order of the United States District Court for the Eastern District of Arkansas, which affirmed an order of the referee in bankruptcy overruling exceptions to the setting apart by the trustee in bankruptcy of the estate of Eli Brooks, a bankrupt, certain real estate as a homestead exemption.

The petition shows that the petitioner excepted to the report of the trustee setting aside the real estate as a homestead exemption upon the ground, briefly stated, that the purchase price of the real estate was the proceeds of nonexempt personal property which had been obtained by the bankrupt from the petitioner and other creditors under false pretenses; the land being purchased two or three days before the bankrupt filed his voluntary petition to be adjudicated a bankrupt.

The referee heard the evidence as to the truth of the exceptions, said evidence constituting about 87 pages of the printed record now before us and overruled the exception. On review, the District Court affirmed the decision of the referee, without stating the reasons therefor.

[1, 2] Counsel for petitioner assumes that the District Court adopted the reasons given by the referee for his decision. The referee stated in his opinion that the fact that the bankrupt purchased the real estate with the proceeds of property obtained from petitioner or his other creditors was immaterial. The reasons, however, of the court or referee for their decisions, do not determine the question which is to be decided by this court. The District Court and referee decided that the real estate was lawfully set apart as a homestead exemption, and the correctness of this decision is the question before us. To decide it we must, of course, resort to the testimony, the same as the District Court and referee. The petitioner alleges in his petition that there is no disputed question of fact involved, and then proceeds to state that the question of law sought to be reviewed by the petition is whether, conceding that a bankrupt can turn nonexempt

property into exempt property, can he do so if he obtained the non-exempt property by false pretenses. Counsel for respondents vigorously contend, however:

"There is absolutely not a scintilla of proof to show that a dollar's worth of the goods bought on the strength of any financial statement ever made by the bankrupt or his bookkeeper was ever sold by the bankrupt, or that any proceeds from any sale of any of said goods was used in the purchase of the land claimed and allowed as bankrupt's homestead."

Counsel for respondents also contend that there is no evidence to show that there was any fraudulent intent on the part of the bankrupt in purchasing the goods, which counsel for petitioner claims was purchased under false pretenses. What we have thus far stated has been for the purpose of showing that this court cannot review the lawfulness of the order of the District Court without considering the testimony, and this we are neither required nor permitted to do on a petition to revise. This has been the uniform holding of the courts. In re Richards, 96 Fed. 935, 37 C. C. A. 634; In re Boston Dry Goods Co., 125 Fed. 226, 60 C. C. A. 118; In re Taft, 133 Fed. 511, 66 C. C. A. 385; In re Pettingill & Co., 137 Fed. 840, 70 C. C. A. 338; Steiner v. Marshall, 140 Fed. 710, 72 C. C. A. 103; In re Roadarmour. 177 Fed. 379, 100 C. C. A. 611; Hall v. Reynolds, 224 Fed. 103, 139 C. C. A. 659 (8th Cir.); Olmsted-Stevenson Co. v. Miller, 231 Fed. 69, 145 C. C. A. 257.

The petition to revise, therefore, will be denied; and it is so ordered.