## GALBRAITH v. ROSENSTEIN.

### (Circuit Court of Appeals, Eighth Circuit. March 29, 1918.)

### No. 184.

BANKRUPTCY ⬤➝440—PETITION TO REVISE—MATTERS REVIEWABLE.

> A petition to revise is not the appropriate remedy to review the action of the District Court in dismissing a rule to show cause why a bankrupt should not be adjudged in contempt for failure and refusal to comply with a turn-over order, where the question involved was purely one of fact.

Petition to Revise Order of the District Court of the United States for the District of Minnesota; Charles F. Amidon, Judge.

In the matter of the bankruptcy of William Aaron Rosenstein. Petition by John P. Galbraith, trustee in bankruptcy, to revise an order of the District Court, dismissing a rule to show cause why the bankrupt should not be adjudged in contempt. Petition denied.

Todd, Fosnes, Sterling & Nelson, of St. Paul, Minn., for petitioner.
Josiah E. Brill, of Minneapolis, Minn., for respondent.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

STONE, Circuit Judge. Petition to revise action of District Court in dismissing rule to show cause why respondent, a bankrupt, should

⬤➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not be adjudged in contempt for failure and refusal to comply with order of referee to turn over the sum of $2,500 to the trustee. The order of the District Court was based on the insufficiency of the evidence before the referee to sustain the referee's order or the contempt proceedings.

The errors claimed are: (1) That the evidence before the referee was sufficient to sustain his order, and the court should thereon have affirmed that order. (2) That the contempt proceedings should not have been dismissed.

The sole point urged here by petitioner is the sufficiency of the above evidence before the referee to sustain his order and to justify a contempt order by the District Court. The respondent here insists that this is purely a question of fact, and that such questions are not carried in a petition to revise. There is no question that different conclusions might have been drawn from the evidence. It might well have supported a finding either way. In this situation the position of respondent is well taken. Wm. R. Moore Dry Goods Co. v. Brooks, 240 Fed. 943, 153 C. C. A. 629; Fourth National Bank v. Smith, 240 Fed. 19, 153 C. C. A. 55; Lott v. Salsbury, 237 Fed. 191, 150 C. C. A. 337; 3 Standard Encyc. Proc. 1017, and citations.

The petition is denied.