### In re MYLEY ELECTRICAL SUPPLY CO., Inc.

(Circuit Court of Appeals, Second Circuit. January 6, 1923.)

No. 81.

1. **Bankruptcy ⬁484—Compensation to receiver held not excessive.**

Under Bankruptcy Act, § 48d (Comp. St. § 9632 [d]), as to compensation for receivers, where $30,303.48 passed through the hands of receiver for electrical supply company, he having continued the business for a time, in which proceedings reclamation proceedings were instituted, allowance of statutory commissions of $443.03 and an equal amount as additional compensation for continuing the business *held* not excessive on the ground that certain of the reclamation proceedings were then pending.

2. **Bankruptcy ⬁114(1), 484—Continuation of business and allowance of extra compensation to receiver therefor held discretionary.**

The questions of continuing bankrupt's business through the receiver in bankruptcy, and allowing extra compensation to the receiver therefor, are

---

discretionary, and abuse of such discretion must plainly appear, for exercise of the discretion to amount to error.

**3. Bankruptcy ☞446—Issues of fact not reviewable on petition to revise.**
An issue of fact is not reviewable on a petition to revise.

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of Myley Electrical Supply Company, Inc., bankrupt. Order fixing compensation for receiver, which the Lion Electric Manufacturing Company, creditor, petitions to revise. Affirmed.

David Haar, of New York City, for petitioner.
Louis J. Castellano, of Brooklyn, N. Y., for respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. On February 23, 1922, an involuntary petition in bankruptcy was filed against the bankrupt. A receiver was appointed, and by an order entered was authorized to continue the business for 15 days. After qualifying, he at once took possession of the assets of the bankrupt, which consisted of a stock of electrical parts, fixtures, and supplies. He continued the business as directed, collected the accounts, and made cash sales. There were 12 reclamation proceedings instituted, seeking to reclaim property set forth in the receiver's report. During the time of the continuance of the business, there was collected $1,136.79 in outstanding accounts of the bankrupt and cash sales to the extent of $345.21 were made. On April 11, 1922, a sale was ordered and there was realized $28,681.61. On April 25th a trustee was appointed. In all there passed through the hands of the receiver $30,303.48. Two of the reclamation proceedings were dismissed, and a stipulation was entered into whereby the remaining of these proceedings were held in abeyance until the sale, with the agreement that thereafter the creditors might prosecute their respective claims. On May 29, 1922, the receiver filed his report and petitioned for an allowance. Below he was awarded the statutory commissions amounting to $443.03, and upon application an additional compensation of $443.03, and this on recommendation of the referee who heard his petition for an allowance as special commissioner. The Lion Electric Manufacturing Company petitioned to revise the order for this allowance, contending that the fees paid to the receiver were excessive, "for the reason that there were then pending reclamation proceedings," etc., and because it is contended that the amount allowed was an abuse of the court's discretion.

[1] Section 48d of the Bankruptcy Act (U. S. Comp. Stat. § 9632 [d]), as amended on June 25, 1910, provides that compensation for receivers shall be paid by way of commissions upon the moneys disbursed or turned over to any person, including lienholders, and also upon the moneys turned over by them, or afterwards realized by the trustees from property turned over in kind by them to the trustees. The allowance shall be "as the court may allow" not to exceed 6 per centum on the first $500 or less, 4 per centum on moneys in excess of

$500 and less than $1,500, 2 per centum on moneys in excess of $1,500 and less than $10,000, and 1 per centum on moneys in excess of $10,-000. By section 48d it is provided that, where the business is conducted by the receiver, the court may allow additional compensation for such services by way of commissions upon the moneys disbursed or turned over to any person, including lienholders, also upon the moneys turned over by them or afterwards realized by the trustees from property turned over in kind by them to the trustees. Such compensation is fixed in the same proportions as in the previous section.

[2] It is apparent that compensation is fixed upon the value of the property which becomes the subject of reclamation proceedings, and especially in the case at bar, where the property was sold by the receiver under the stipulation referred to. The procedure under the stipulation was a matter of convenience to the reclaiming creditor as well as to the receiver. The value of the services of the receiver may be fixed within the discretion of the court, but kept within the confines of the statutory allowances. We do not think that an excessive allowance has been made. In re Harralson-Hugins Estate, 179 Fed. 492, 103 C. C. A. 70, 29 L. R. A. (N. S.) 737. Nor do we think that there was an abuse of discretion in fixing an extra allowance for the continuance of the business. The appointment of a receiver, and whether he shall continue the business and retain counsel, are all matters within the discretion of the court. The fixation of the allowance of fees and compensation made receiver, as well as his counsel, rests in the sound discretion of the court. To support the contention of an abuse of that discretion, the record should contain a statement of facts as will show the amount and character of the services rendered by the receiver and the circumstances under which those services were rendered, and it must show that such discretion was plainly abused. The record must sufficiently indicate upon what state of facts it was that the discretion so exercised was abused. We find nothing here in this record to justify a conclusion of such abuse. In re Cash-Papworth, Grow-Sir, 210 Fed. 24, 126 C. C. A. 604. The District Courts have considerable latitude of discretion on the subject of allowances, and this because it is assumed they have far better means of knowing what is just and reasonable than an appellate court can have. Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157.

[3] The objection to the insurance premiums paid as a disbursement raises an issue of fact which cannot be reviewed on the petition to revise. In re Hyman, 237 Fed. 191, 150 C. C. A. 337; In re Wm. R. Moore Dry Goods v. Brooks, 240 Fed. 943, 153 C. C. A. 629.

Order affirmed.