### BRADFORD v. GRAHAM.

#### In re STRIBLING FUEL CO., Inc.

(Circuit Court of Appeals, Fourth Circuit. February 6, 1923.)

#### No. 2027.

**1. Corporations ⟨key⟩459—Lease held valid, though dated two days before resolution authorizing its execution.**

A lease executed by the officers of a corporation, which bore date two days before the date of the resolution of the directors authorizing its execution, but under which the corporation had gone into possession, and retained possession for 2½ years, until its insolvency, was valid, in the absence of any claim of fraud or mistake in its execution.

**2. Bankruptcy ⟨key⟩350—Virginia statute gives landlord lien for year's rent, enforceable in bankruptcy without distraint.**

Code Va. 1919, §§ 5523, 5524, gives to landlord a lien for rent in arrears and to become due for not exceeding one year, on the property of the tenant on the leased premises, or that has been removed therefrom within 30 days, without distraint being made therefor, as authorized by section 5523, and the landlord is entitled to payment of such rent out of the proceeds of property on the premises at the time of the bankruptcy, or removed therefrom within 30 days, under Bankruptcy Act, July 1, 1898, § 64b, subsec. 5 (Comp. St. § 9648), providing for payment of debts owing to any person who by the laws of the state or the United States is entitled to priority.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

In the matter of the estate of the Stribling Fuel Company, Inc., bankrupt. From an order allowing the claim of W. S. Graham for one year's rent under a lease executed to the bankrupt, Russell T. Bradford, as trustee in bankruptcy, appeals. Affirmed.

Alfred Anderson, of Norfolk, Va. (Thomas W. Shelton, of Norfolk, Va., on the brief), for appellant.

John B. Jenkins, Jr., of Norfolk, Va., for appellee.

Before WOODS and WADDILL, Circuit Judges, and ROSE, District Judge.

WADDILL, Circuit Judge. This is an appeal from an order of the United States District Court for the Eastern District of Virginia, at Norfolk, in bankruptcy. On the 27th day of February, 1922, the Stribling Fuel Company, Inc., was duly adjudged an involuntary bankrupt. Subsequent thereto, the appellant herein was regularly elected trustee of its estate.

On the 25th of March, 1922, the appellee filed his petition, accompanied by a copy of the lease with the bankrupt company, dated July 1, 1919, reciting that "at the time the petition was filed against the bankrupt company its rent had been paid * * * up to and including January 31, 1922," and claiming that section 5524 of the Code of Virginia secured to him a lien for a year's rent "upon all fixtures, stock of goods, and all personal property situated on the leased premises," and reciting that he claimed rent as follows: "From February 1, 1922, to June 30, 1922, inclusive, at the monthly rental of $175; from July 1, 1922, to January 31, 1923, at the monthly rental of $200, and in addition $218 increase in taxes on the leased premises"—the total amount claimed being $2,493. No distress warrant or other method of distraint for the rent due or to become due under the lease, as claimed, was taken out either before or after the bankruptcy. The bankrupt's trustee interposed three objections to the payment of this claim: First, that the lease was invalid, because not legally executed by the corporation; second, that section 5524 of the Code of Virginia gave to the landlord only an inchoate lien, to be perfected by distraint or attachment, and that the same had not been perfected by the petitioner or any one for him; third, that the claim for rent was not a provable claim against the bankrupt's estate. This last objection was withdrawn, and need not be further mentioned.

The referee held the lease to be invalid, and decided the claim for rent adversely to the petitioner, from which an appeal was taken to the District Court, which reversed the referee's action, and held that the lease was valid, and that the petitioner was entitled, in bankruptcy, to a provable claim for a year's rent to be paid out of the personal assets remaining on the leased premises, or from the proceeds arising from the sale thereof, and accordingly decreed in favor of the petitioner for $2,493, the amount of his claim. From that decision, the appeal in this case is taken.

Two assignments of error are made to the action of the lower court: First, that the District Court erred in holding the lease between the said W. C. Graham and the bankrupt to be valid; second, that the District Court erred in holding that, by virtue of section 5524 of the Code of Virginia, the landlord was given a specific lien without levy, as required by statute, and was thereby entitled in matters of bankruptcy to a preferred claim for one year's rent, to be paid out of the personal assets upon the leased premises, or the proceeds arising from the sale thereof, and for allowing the claim of said Graham for one year's rent. These assignments will be considered in the order named.

[1] First. Was the lease between the lessor and lessee, under which the claim for rent is made, valid?

The position of the appellant on this question is that although the lease, bearing date the 1st of July, 1919, appears to have been duly and

formally executed by the president and secretary of the bankrupt company, under the seal of the corporation, and by direction of the company, yet it appearing that the resolution of the board of directors, authorizing the making of the lease was dated July 3, 1919, two days subsequent to the date of the lease, the latter was void.

Just how the difference in the dates of the lease and the resolution of the board, which were found together in the bankrupt's papers, came about, is not explained by the record. It probably happened by the preparation of the lease prior to the meeting of the board, and that the matter of the dates was lost sight of, when the board met two days later and adopted the resolution authorizing the same, and the agreement for the lease was consummated. But, however this may be, it does not follow that the lease was delivered until after the passage of the resolution, though it was dated the 1st of July, 1919, and the term commenced on that day. It cannot be that an instrument, apparently otherwise valid, should be vacated and set aside for such a trivial cause, in the absence of mistake, fraud, or wrongdoing of some kind. The officers executing the lease appear to have acted solely in the interest of the company, took no personal interest thereunder, and in all that was done the utmost good faith seems to have existed between the lessor and lessee. The latter, acting by and through its properly constituted authorities, promptly accepted the lease, took charge of the premises, and used them for the purposes for which they were intended, some 2 or 2½ years, paying the rent due, and in all respects, without questioning the acts of those making the lease, fully and completely acquiesced in and ratified the same, until financial disaster overtook the company. The lessee being now in bankruptcy, its trustee seeks to avoid the transaction and escape payment of the amount due under the lease, even for the limited period prescribed by the statute for the protection of the landlord. This should not be permitted, and the reason therefor is so manifest that no citation of authority need be given.

[2] Second. Was the petitioner entitled to a preferred claim for a year's rent as held by the lower court?

This brings for consideration the effect to be given to the statute of Virginia on the subject in the administration of the bankruptcy law. Under the Bankruptcy Act of July 1, 1898, § 64b, subsec. 5 (30 Stat. c. 541, p. 563 [Comp. St. § 9648]), provision is specifically made for the "payment of debts owing to any person who by the laws of the States or of the United States is entitled to priority."

Appellant insists: (a) That under the laws of Virginia a landlord is not given a lien for rent, but merely an inchoate right, which only becomes effective and operative upon the issuance and levy of a distress warrant pursuant to the provisions of section 5523 of the Code of Virginia of 1919; (b) that upon the landlord's failing to make this levy on the goods while on the premises, or within 30 days of their removal therefrom, the inchoate lien and the right to distrain for the rent is lost.

A careful consideration of the subject and review of the authorities will readily show that the appellant is mistaken in both views, entirely so in his denial of the right of lien where the property remains on the premises, and equally so where the removal of the property from the

leased premises has not exceeded 30 days, though the latter proposition becomes immaterial here, since there was no removal of goods from the premises.

Section 5523 of the Virginia Code of 1919, bearing on the landlord's right, need not be stated in full. It provides generally for the issuance of distress warrants, and the levying upon property on the premises, or which may have been removed therefrom within 30 days, not, however, for more than one year's rent. It recognizes the superiority of liens existing on the property when placed upon the premises, and that the liability of a subtenant shall be limited to the amount of rent due by him. Section 5524 is as follows:

"Sec. 5524. *When Goods Not to be Removed Without Paying a Year's Rent; Lien for Taxes, Levies, and Militia Fines Not Affected.*—If, after the commencement of any tenancy, a lien be obtained or created by deed of trust, mortgage, or otherwise, upon the interest or property in goods on premises leased or rented, of any person liable for the rent, or the said goods be sold, the party having such lien, or the purchaser of such goods, may remove them from the premises on the following terms, and not otherwise, that is to say: On the terms of paying to the person entitled to the rent so much as is in arrear, and securing to him so much as is to become due, what is so paid or secured not being more altogether than a year's rent in any case. If the goods be taken under legal process, the officer executing it shall out of the proceeds of the goods, make such payment of what is in arrear; and as to what is to become due, he shall sell a sufficient portion of the goods on a credit till then, taking from the purchasers bonds, with good security, payable to the person so entitled, and delivering such bonds to him. If the goods be not taken under legal process, such payment and security shall be made and given before their removal. Neither this nor the preceding section shall affect any lien for taxes, levies, or militia fines." Code 1887, § 2792.

These sections of the statute are of long standing in this state, being sections 7 and 8 of the act of January 12, 1818 (Code 1819, vol. 1, c. 113, p. 448), based upon the English statute of 8 Anne, c. 14, § 1, and they have remained in their essential and substantial features up to the present time. The Court of Appeals of Virginia, as early as 1846, construing these sections, recognized the right of the landlord for a year's rent. In Geiger v. Harman, 3 Grat. (Va.) 130, Cabell, President, speaking for the court, said:

"Although the landlord's right to distrain the goods and chattels of his tenant continues, in some cases, where the said goods and chattels have been removed from the demised premises, yet the court is of opinion that the landlord's lien for a year's rent on the goods and chattels of his tenant does not extend to protect them from being taken by virtue of any execution, except in cases where the said goods and chattels shall be in or upon the demised premises."

This decision has been accepted and followed since that time by the courts of Virginia, as giving to the landlord a lien for a year's rent on the goods and chattels remaining on the premises; the only qualification being that, as to goods removed from the premises, other liens by execution obtained prior to that of the landlord would prevail.

This, however, has been changed, and by section 5523, Code of 1919, the landlord is given a lien paramount to all others, for not exceeding a year's rent, save for taxes, levies, or militia fines, upon personal property removed from the premises for the full period of 30

287 F.—44

days, as well as for that remaining thereon. This lien of the landlord for a year's rent has been uniformly enforced in the state of Virginia since the Geiger Case cited, and by this court since the decision of Chief Justice Chase, in the bankruptcy case of In re Wynne, 30 Fed. Cas. 752, 762, No. 18117, as well under the Bankruptcy Law of 1867 (14 Stat. 517), as that of July 1, 1898 (30 Stat. p. 544, c. 541). In that case, from the eastern district of Virginia, decided in 1868, the Chief Justice, sitting on appeal in the United States Circuit Court, reviewed the statute fully, and held that a lien existed thereunder for not exceeding one year's rent. The Chief Justice, in construing this statute, said:

"Liens are of various descriptions, and may be enforced in different ways; but we think it sufficient to say here, what seems to us well warranted in principle and authority, that whenever the law gives the creditor a right to have a debt satisfied from the proceeds of property, or before the property can be otherwise disposed of, it gives a lien on such property to secure the payment of this debt. And we think that a lien of this sort is given by the twelfth section of title 41, chapter 128, of the Revised Code of Virginia, adopted in 1860 [the statute in question here]. * * * We cannot doubt that this statute creates a lien in favor of the landlord, and a lien of a high and peculiar character, * * * and we think that this lien is given by the statute independently of proceedings by distress warrant or attachment, which we regard as remedies superseded by the effect and operation of the Bankruptcy Act."

In re Rauch (D. C.) 226 Fed. 985, from the Eastern district of Virginia, upon appeal under the title of Lott v. Salsbury, 237 Fed. 191, 192, 150 C. C. A. 337, was affirmed, and the right of the landlord in the administration of a bankrupt's estate to a lien for not exceeding a year's rent, out of the proceeds arising from a sale of property found on the premises, was fully recognized. We may say, generally in the courts of this circuit, where similar laws exist, the lien of the landlord has been respected, notably in the state of South Carolina, in Malcomson v. Wappoo Mills, 85 Fed. 907, 910, a decision of Judge Simonton of the Circuit Court. In the state of Maryland, Judge Rose (In re Chaudron & Peyton [D. C.] 180 Fed. 841–843), following the earlier unreported decision by Judge Morris, fully recognized this doctrine, but pointed out that the Court of Appeals of that state had held that the statute of 8 Anne, supra, did not apply to proceedings under the state insolvency law of that commonwealth, and by analogy they held it had no application to proceedings in bankruptcy where the petition had been filed before the distraint was actually levied.

In Longstreth v. Pennock, 20 Wall. 575, 576 (22 L. Ed. 451), the precise question involved here, both as respects the lien for the year's rent and the right to maintain the same against assets in the hands of the bankrupt's trustee, in the absence of a distraint, was passed upon by the Supreme Court of the United States. The Pennsylvania statute of June 16, 1836 (P. L. 777, §§ 83, 84; Pa. St. 1920, §§ 10457, 10458) was almost precisely like the Virginia statute. It enacts:

"The goods and chattels being in or upon any messuage, lands or tenements, which are or shall be demised for life or years, or otherwise taken by virtue of an execution, and liable to the distress of the landlord, shall be liable for the payment of any sums of money due for rent at the time of taking such goods in execution: Provided, that such rent shall not exceed one year's rent.

"After the sale by the officer, of any goods or chattels as aforesaid, he shall first pay out of the proceeds of such sale the rent so due, and the surplus thereof, if any, he shall apply toward satisfying the judgment mentioned in such execution."

Mr. Justice Swayne, speaking for the Supreme Court on this statute, said:

"The assignee acquired his title to the movable property found on the demised premises, subject to the rights of all other persons. Gibson v. Warden, 14 Wall. 244. The rent in question was for a period which terminated when the assignee took possession, and the entire period was within a year of that time. Before the commencement of the proceedings in bankruptcy, the defendants in error might have distrained; and it is agreed that the property upon the premises was more than sufficient to satisfy the demand. The statute of Pennsylvania of June 16, 1836, provides that where property under such circumstances is seized and sold under execution, the rent due for a period not exceeding one year shall be paid first out of the proceeds of the sale. This case is within the equity of that statute. The question presented is one belonging to the local law of Pennsylvania. We think it was correctly decided by the Circuit Court."

While the decisions of other circuits might be cited to support those of this circuit, it seems unnecessary to do so, since the decision of the Supreme Court is conclusive of the entire controversy.

Appellant insists, with much earnestness, that the landlord's claim of a lien for rent is an inchoate lien, and only becomes a valid existing lien when perfected by proper distraint or attachment; and claims that this is the effect of Geiger v. Harman, 3 Grat. (Va.) 130. Burks, Pleading and Practice, § 13, and Bird v. City of Richmond, 240 Fed. 545, 153 C. C. A. 349, a decision of this court, affirmed 249 U. S. 174, 39 Sup. Ct. 186, 63 L. Ed. 543, are cited in support of his contention. The case of Bird v. City of Richmond will be found, upon examination, not to apply specially to the subject under consideration. The question there decided was whether the city of Richmond was entitled to a lien upon proceeds of sale of property taken from demised premises for delinquent city taxes, for which no levy had been made, in preference to that of a landlord who had levied a distress upon the goods. The court held that as to such taxes, under the Virginia decisions, the city occupied the relation of a mere unsecured creditor, and that the rent should be paid.

If it be true that the citation from Judge Burks sustains the view contended for, which we think may be doubted (revisors' notes to sections 5523 and 5524, Code of Virginia 1919), nevertheless, the landlord's lien for a year's rent under the facts of this case would be in no manner affected or disturbed. We are not dealing here with property removed from premises, but with proceeds arising from the sale of the bankrupt's estate found thereon at the time of insolvency, and as to which, whether in equity, bankruptcy, or other legal proceeding, the landlord has a lien for one year's rent under the statute.

All of the authorities cited herein in support of this decision make it entirely certain that the landlord occupies such a position, and it is equally clear that this lien is unconditional and of a high order, requiring the issuance of no process of distraint, or attachment to perfect the same, and that the rent should be paid in the due administration of a

bankrupt's estate. We think, under the Virginia statute and decisions, that the landlord is given a preferred, specific, and fixed lien for not exceeding one year's rent upon all of the goods and property upon the demised premises, and for which, when past-due, distraint may be made at will; that such lien is subject to no limitation or qualification whatever, save taxes, etc.; and that, as to property placed upon the premises during the existence of the tenancy, it is subordinate to liens then existing upon the same, and is not good as against the property of an undertenant, for an amount in excess of the rent due by him to the tenant. The lien must be availed of, as to property remaining on the premises, within five years from the time the rent becomes due, and, as to property removed from the premises, within 30 days from the time of removal.

The decision of the District Court will be affirmed, with costs.

Affirmed.