## In re HOTEL MARTIN CO. OF UTICA.
### No. 281.

Circuit Court of Appeals, Second Circuit.
April 6, 1936.

Miller, Hubbell & Evans, of Utica, N. Y., for appellant First Citizens Bank & Trust Co.

Rudd, Griffin & Penberthy, of Utica, N. Y. (Warnick J. Kernan, of Utica, N. Y., of counsel), for Hotel Martin Co. of Utica, debtor, and First Mortgage Bondholders' Protective Committee.

August Merrill and S. Sheldon Judson, both of Utica, N. Y. (Stuart G. Gibboney, of New York City, of counsel), for appellee Wm. M. Martin, trustee.

Maurice Supiro, of Utica, N. Y., for Speiller Bros. and Brennan Oil Co.

Bartle Gorman, of Utica, N. Y., for appellee Wm. Doctor.

Edward L. O'Donnell, of Utica, N. Y., for Jas. R. McLaughlin and McLoughlin Bros.

William Ross Lee, of Utica, N. Y., individually and as solicitor for appellees Arthur W. McLoughlin and John H. Carney and minority members of the Second Mortgage Bondholders' Protective Committee.

Before MANTON, A. N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The debtor corporation owned and operated the Hotel Martin of Utica, N. Y. The hotel had been the property of William M. Martin, the trustee named in these 77B reorganization proceedings, as early as 1901 when it had only 14 rooms. Additions built thereon by Martin in 1915 and 1924 made it a 400-room modern hotel. Martin operated it during these years, was its general manager, and was as well president and largest stockholder of the corporation organized to own it in 1911.

A first trust mortgage of a million dollars to secure a bond issue, $806,000 of which is still outstanding, was placed on the property to cover the 1924 expansion. A similar second mortgage of $600,-000 was placed in 1927. The First Citizens National Bank, trustee under these mortgages, also held, individually, the debtor's notes for $82,000 and Martin's note for $40,000, which he had borrowed to lend the debtor and for which he held the debtor's note. The debtor defaulted on both these issues in 1932. Two bondholders' committees were formed, and each secured deposits of 95 per cent. of the outstanding bonds. Martin helped materially in soliciting deposits for the committees, and their letters of solicitation referred to him in laudatory terms. No subsequent attempt has been made to ascertain the depositors' sentiments to Martin.

By a reorganization agreement of January 7, 1933, the debtor, both committees, the bank individually, and Martin agreed that their respective rights growing out of the indebtedness be modified, and that the debtor be continued in possession. The debtor's common stock capitalization was changed from 6,000 shares of $100 par to 30,000 shares of $5 par, and the new stock distributed to the bondholders, the stockholders, and 8,000 shares to Martin to discharge a $59,000 debt to him. This stock was to be held in a voting trust with three trustees; one being Martin and the other two members of the First Mortgage Bondholders' Protective Committee. Martin owns a majority of the stock held in this voting trust. Martin alleges that the board of directors elected by these voting trustees were tinged with favor to the first mortgage bondholders and the bank.

Martin continued to operate and manage the hotel until October 14, 1934, when an executive committee was installed, as he charges, by those too friendly to the first mortgagees and the bank. His managing powers were restricted by this executive committee until, on December 18, 1934, the board of directors were restrained from making any change in the management of the hotel by order of the District Court. The order expired April 6, 1934, and, although Martin's services were continued, an executive manager was placed in charge in May, 1935, allegedly in violation of an oral agreement with Martin. On June 6, 1935, this petition under section 77B of the Bankruptcy Act was filed by three creditors, and, with its consent, on June 19, 1935, the debtor was declared properly under section 77B and an order of approval entered. Over the objection of the appellants, the District Judge appointed Martin temporary trustee and ordered a hearing, after which he was appointed permanent trustee. Martin had had thirty-four years' experience in operating the hotel which had grown as recited under his management. He had

an excellent reputation as a competent hotel manager. He had invested at least $400,000 in the property, and he owned $75,000 second mortgage bonds, almost a majority of the debtor's common stock, and was an unsecured creditor of the debtor by reason of its $40,000 note to him and several indorsements of its notes which he had made.

The question presented is whether the court below abused its discretion or improvidently exercised its power in appointing Martin. Section 77B (c) (1) of the Bankruptcy Act (11 U.S.C.A. § 207 (c) authorizes the District Judge, upon approving the petition and thereafter, to appoint a temporary trustee or continue the debtor in possession. On notice and hearing he may later make the appointment permanent or, if no trustee has been appointed, he may appoint a trustee, or remove any such trustee temporarily appointed and continue the debtor in possession. Thus the District Judge has a discretionary power in the selection of both the temporary and permanent trustee. No provision of section 77B makes such appointments dependent upon a vote of the creditors or the stockholders, even though such advice should be very helpful to a judge in the determination of this question. The section recognizes the fact that corporations may reach difficulties through misfortune rather than mismanagement.

Section 77B does not prescribe the qualifications of trustees to be appointed by the judge. The qualifications as fixed by section 45 of the Bankruptcy Act (11 U.S.C.A. § 73) should be adhered to. Section 45 provides that trustees may be individuals who are respectively competent to perform the duties of that office and reside or have an office in the judicial district wherein they are appointed or corporations which are authorized by their charters or by law to act in such capacity and have an office in the judicial district within which they are appointed.

To sustain a charge of abuse of discretion requires some establishment of such facts as will show an improper appointment, one harmful to the interest of creditors and shareholders or the administration of the estate which hopes for reorganization. Cf. In re Myley Electrical Supply Co., Inc., 287 F. 524 (C.C.A.2).

The only complaint charged against Martin is that contained in the report made by Brown, who was the executive manager put in charge for a short period just prior to the filing of the petition. It discloses some very general, indefinite, and uncertain charges dealing with trifling details of management. An examination of the record fails to disclose a single fact tending to prove that Martin ever caused any injury or detriment to the hotel or to the interests of its lienors. The history of the hotel in the past up to the period of the depression showed a fair success. We may take judicial notice that the depression, with its consequent loss of earnings, affected like hotel properties. Indeed, the record discloses that Martin is in every way competent to manage this hotel with the economy and competence so necessary in reorganization. From the record, it is fair to conclude that no harm to the security owners will follow from his continuance as trustee and no increased burden will be placed upon them. The record establishes that Martin is a man of good habits and industry and has been faithful in the past.

Nor was there an improvident exercise of judicial power in refusing to continue the debtor in possession instead of appointing a permanent trustee. At the hearing, appellants, asked that the debtor be continued in possession. If the debtor were continued in possession, control of the property would pass to the mortgage lienors, and the shareholders and other creditors would have had little to say about the management of the property. Counsel for the bank frankly stated that it was attempting to control the debtor. The voting trustees who selected the directors were selected by the First Bondholders' Committee. The bank opposed the appointment of Martin, the largest stockholder, who had other financial interests, and who was endeavoring to protect his equity in the property. There is nothing from which it can be inferred that the debtor has become insolvent beyond its disability to meet its current obligations. It cannot be held on the facts in this record that the stockholders and unsecured creditors are without hope of realizing on their equity. The bondholders' committees represented secured creditors, whereas the other creditors were unsecured. It was a hotel which served transient guests, and

which required a good will and strong personality in its manager. Martin, with his following in the hotel business and his valuable experience in its management, with knowledge of its every detail, was a proper selection as a trustee. With his financial interest in the property, he had every motive to conduct a successful hotel. Foreclosure of the first mortgage in the then money market conditions as threatened would have wiped out the equity of the stockholders and made it impossible for general creditors to collect their indebtedness. A wise judicial discretion was exercised in the appointment of Martin.

Order affirmed.

AUGUSTUS N. HAND, Circuit Judge, concurs in result.